UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Difankh Asar,<br>                  Petitioner,<br>     v.<br>Nanette Barnes,<br>                  Respondent. | Civil Action No. 6:20-2289-BHH<br><br>**ORDER** |

Difankh Asar ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On August 20, 2020, the Magistrate Judge filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss the § 2241 petition without requiring Respondent to file a return. (ECF No. 13.) Attached to the Report was a notice advising Petitioner of the right to file written objections to the Report within fourteen days of being served with a copy. (*Id.* at 12.) Petitioner filed a motion for extension of time to file objections (ECF No. 16) and, in a Text Order, the time to file objections was extended to October 19, 2020 (ECF No. 17). To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court agrees that the § 2241 petition should be dismissed because Petitioner has two pending § 2255 motions that raise substantially the same issues and because he has failed to satisfy the elements of the test to invoke the § 2255 savings clause under *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 13) and dismisses this action *without prejudice* and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 27, 2020
Greenville, South Carolina

******

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.